IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VIRGIL B. COLE**                                                                                  **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 3:06cv248HTW-LRA**

**HINDS COUNTY BOARD OF SUPERVISORS**
**and HINDS COUNTY DETENTION CENTER**                         **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**DISMISSING THE PLAINTIFF'S COMPLAINT**</u>

On May 8, 2006, the plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, while he was incarcerated in the Hinds County Detention Center. On June 7, 2006, the plaintiff filed a change of address to 238 Tarvin Street, Clinton, Mississippi, which is a non-incarcerated address. On July 5, 2006, an order was entered directing the plaintiff to file an amended complaint within twenty days. The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his complaint. The plaintiff failed to comply with this order.

On August 16, 2006, a show cause order was entered directing the plaintiff to file a response within fifteen days. The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his complaint. The plaintiff failed to comply with this order. On September 20, 2006, a second show cause order was entered. The plaintiff was given another fifteen days to file his response. The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements

of the order may result in the dismissal of his complaint.  On October 13, 2006, the plaintiff filed a change of address to the Hinds County Detention Center and that same day the Clerk re-mailed the second show cause order to his new address.  On October 24, 2006, the envelope containing the second show cause order was returned by the postal service with the notation "return to sender, moved left no address."  On November 2, 2006, the plaintiff filed a change of address back to 238 Tarvin Street, Clinton, Mississippi.

On December 14, 2006, a third show cause order was entered.  The Plaintiff was directed to file his response, within fifteen days or this case would be dismissed, without further written notice to the Plaintiff.  The Plaintiff has failed to respond.

The Plaintiff has failed to comply with four Court orders.   It is apparent from the Plaintiff's failure to comply with the Court's orders that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with four court orders, nor has he contacted this Court since November 2,  2006.  The Court concludes that dismissal of this action for Plaintiff's failure to

prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS, the 29th day of January, 2007.

>   s/ HENRY T. WINGATE
>   CHIEF UNITED STATES DISTRICT JUDGE